GETZELL J. MURRELL
#87468-011
USP/HAZELTON
P.O. BOX 2000
BRUCETON MILLS, WV 26525

RECEIVED
JUL 1 1 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| GETZELL JOHNSON MURRELL, SR<br>Plaintiff/Petitioner, | § | CIVIL ACTION NO:03-257 |
| VS. | § | SECTION "P"<br>JUDGE F.A.LITTLE,JR |
| CARL CASTERLINE, ET AL<br>Defendants | § | MAGISTRATE JAMES D. KIRK |

MOTION FOR RECONSIDERATION OF AMENDED JUDGMENT
ENTERED INTO RECORD ON JUNE 22,2005

COMES NOW GETZELL JOHNSON MURRELL,SR, plaintiff in the above named civil action and respectfully moves this Court pursuant to Rule 59(e) of the Fed. R.Civ. Proc.. The Court should alter it's judgment due to the following reasons: 1/

At ¶ 6 of its amended complaint the Court's states " Murrell, as a prisoner, has no protected liberty interest, such that would be actionable under the Due Process Clause of the Fifth Amendment, in the freedom from having his mail censored or delayed by the prison officials. He has no federally protected liberty interest in having his mail delivered to and from prison without being censored or rejected without giving him prior notice.. In **Martin V. Kelly**, 803 F.2d 236 (6th Cir.1986) id at 244 ,

---

1/ On June 22,2005, the Court entered it's amended judgment. The Clerk of Court's did not mail plaintiff a copy of the amended judgment until June 24,2005, See Exhibit (A) attached. The Plaintiff received the amended judgment on July 6,2005.. This Court should find that this motion for reconsideration is timely pursuant to THOMPSON V. RASPBERRY, 993 F.2d 513 (5th Cir.1993).

the Sixth Circuit ruled that prison officials mail censorship regulations must provide for an appeal of the rejection decision to an impartial third party prior to the letter being returned, the Court further stated that to comply with due process, prison mail censorship must provide notice of the rejection of letter and provide an opportunity to appeal rejection prior to mail being returned to sender. See Exhibit (B) attached. Based on such case authority which relies on **Procunier V. Martinez, 416 U.S. 396 (1974)** id at 418, 94 S.Ct. at 1814.. Plaintiff moves this Court to reconsider it's decision that Murrells has no due process claim.

At ¶ 7, of the Court's amended judgment the Court ruled as follows:" Thus, Murrell has no protected liberty interest with respect to the confiscation of his Neoweld glue and can only allege a Fifth Amendment procedural due process claim if he can identify a cognizable property interest entitled to due process consideration. Murrell 's complaint clearly alleged a property interest and a procedural due process claim in his complaint where Murrell states in the complaint that he purchased the Neoweld gule with his own monies, that he was deprived of his personal property when defendant Pike confiscated it, was not given notice of the confiscation of his property or given an opportunity to send his glue home, and that defendant actions violated clear established rules. . Murrell has stated a due process claim where his property was taken without giving him an opportunity to send it home where when he purchased it, it was not considered contraband when purchased. See amended complaint at § 104,110, 133. In **Cladwell V. Miller, 790 F.2d 589 (7th Cir.1986)**, The Court ruled prison officials violated prisoner's due process when they confiscated his personal property and refused to give prisoner the option to send property outside of the prison. Murrell, as an imate may claim the protection of

2.

the due process clause to prevent deprivation of his property without due process of law. See also **Cleveland BD. of Educ V. Loudermill, 470 U.S. 532 (1984)**..

At § 8 of the Court's amended judgment the court states "that Murrell once again, misreads the report to mean that his damages claim due to exposure to ETS was dismissed. To the contrary, Murrell did not misread the magistrate report and recommendation. Murrell never alleged that the report recommended his ETS claim be dismissed. Murrell's complaint was that in the report and recommendation their was no finding that the defendants denied him a recommended plan of medical treatment, as alleged in the amended complaint . This will surely be an issue in court and Murrell, pleads with the Court to amend its judgment to include a finding that defendants not only exposed to to high levels of ETS and its chemicals  but that defendants deprived him of a recommended plan of medical treatmen and that his exposure to ETS and its chemicals not only harmed his present health but his future health also. See **Whitley V. Hunt, 158 F.3d 882,890 (5th Cir.1998)**.

This Court should reconsider its amended judgment that found Murrell's First and Fifth amended claim to be frivolous and find that the claims were legally sufficient given Murrell is a pro se litigant. See **McGruder V. Phelps, 608 F.2d 1023,1025 (5th Cir.1979)**. Furthermore, Murrell's claims should not be dismissed for failure to state a claim unless he can prove no set of facts in support of his claim that would entitle him to relief. See **Conley V. Gibson, 355 U.S. 41 (1957)**.. The ruling on a motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather it tests whether a plaintiff properly stated a claim. See **Scheuer V. Rhodes, 416 U.S. 232 (1974)**.

## CONCLUSION

In the interest of justice this Court should reconsider its amended judgment of June 22, 2005, alter the judgment by finding that Murrell has stated a due process claim as to his mail and glue claims or permit Murrell to amend his complaint where an amendment will improve the pleadings.

Respectfully Submitted,

*[signature] Hotell J. Murrell, SR*

June 7, 2005
file copy

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2005, the foregoing Motion For Reconsideration of Amended Judgment Entered Into Record On June 22, 2005, has been served upon defendants attorney by depositing a copy of along with exhibits in the U.S. Mail, First Class postage prepaid at USP/Hazelton, WV to:

AUSA SARA K. BLACKWELL
AUSA DONALD W. WASHINGTON
800 LAFAYETTE ST SUITE 2200
LAFAYETTE, LA 70501 7206

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 1 8 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

RECEIVED
JUL 1 8 2005
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

*[signature] Hotell J. Murrell, SR*

*Ruling:*

After full record review the motion to reconsider is denied.

*[signature]*
18 July 05

4.