U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 0 3 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GETZELL J. MURRELL, SR.,<br>Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV03-0257-A |
| VERSUS | |
| CARL CASTERLINE, et al.,<br>Defendants | JUDGE F. A. LITTLE, JR.<br>MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Before this court is a complaint filed pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971),[1] by plaintiff Getzell J. Murrell, Sr. on January 10, 2005, and amended on September 24, 2004 (Doc. Item 22) and October 21, 2004 (Doc. Item 29). The sole remaining defendants are named defendants are Carl Casterline ("Casterline") (former warden of the United States Penitentiary in Pollock, Louisiana ("USP-Pollock")), Robert Tapia ("Tapia") (a former assistant-warden and warden of USP-Pollock) and Cindy Pike

---

[1] <u>Bivens</u> defendants are federal officials brought into federal court for violating the Federal Constitution. <u>Bivens</u>-type actions may be brought only against federal agents and not federal agencies. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); <u>Whitley v. Hunt</u>, 158 F.3d 882 885 (5th Cir. 1998). Under <u>Bivens</u>, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. <u>Channer v. Hall</u>, 112 F.3d 214, 216 (5th Cir. 1997).

("Pike"), Steve Aycock ("Aycock"), Harris Hatchett ("Hatchett"), Les Phillips ("Phillips"), Frederick Jefferson ("Jefferson"), M. Cannon ("Cannon"), and Lane Gremillion ("Gremillion"), all correctional officers employed at USP-Pollock.

Murrell's sole remaining claim is that he was exposed to environmental tobacco smoke ("ETS"), which caused or exacerbated several of his health problems, while he was incarcerated in USP-Pollock on about September 20, 2001.

In order for this court to determine what further action shall be taken on this suit,

**IT IS ORDERED** that **sixty (60) days** from the date of this order is allowed for all parties to complete all appropriate discovery.

Any physician, medical facility, or other health care provider which has examined or administered treatment of any kind to plaintiff relative to the complaint alleged is ordered to release to any party herein, pursuant to any request of that party, and at that party's expense, any and all such medical records that it may possess.

Thereafter, if deemed appropriate, plaintiff or defendant(s) may file a motion for summary judgment or motion to dismiss within **thirty (30) days**, supported by relevant affidavits, certified documents or records, interrogatories and answers, admissions and depositions, if any, and a supporting memorandum brief. The pages of the records *shall* **(1)** be arranged by type in chronological

sequence, (2) securely bound together by comb binder, Acco® paper fastener, or other similar two-hole binder (rubber bands and clips are unacceptable) and (3) numbered consecutively (handwritten numbers are acceptable). An index describing each item of the records sent and showing each item's page number shall also be attached.

The memorandum brief shall specifically refer by exhibit number or page number to an exhibit relied upon. THE COURT WILL NOT CONSIDER ANY EXHIBIT NOT SPECIFICALLY REFERRED TO IN BRIEF.

Any party not filing a motion for summary judgment or motion to dismiss **SHALL FILE** a Statement of Factual Issues, within the same period, which shall enumerate each genuine issue of material fact perceived by that party which is relevant to this matter, or state that there are none. This statement will be used by the court to determine the necessity for an evidentiary hearing.

The parties **SHALL ALSO FILE** Murrell's relevant medical records, regardless of whether they file a motion for summary judgment or a statement of factual issues for trial. Relevant medical records concern Murrell's health problems which he claims were caused or exacerbated by exposure to ETS, as well as records reflecting Murrell's health prior to his incarceration in USP-Pollock.

**IT IS FURTHER ORDERED** that, as a condition to their acceptance by the Clerk, all future filings by plaintiff or defendant(s) shall

include a certificate indicating that a copy thereof has been furnished to the other parties, specifically stating the name and address of each party (or his attorney) to whom a copy of the pleading was sent.

All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address. Failure to do so shall be considered grounds for dismissal or other appropriate sanctions.

**THUS DONE AND SIGNED** in Alexandria, Louisiana, on this 3rd day of March, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE