UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| GETZELL J. MURRELL, SR., | CIVIL ACTION |
|---|---|
| Plaintiff | SECTION "P" |
| | NO. CV03-0257-A |
| VERSUS | |
| CARL CASTERLINE, et al., | JUDGE DEE D. DRELL |
| Defendants | MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Before the court is defendants' motion to withdraw or amend their deemed admissions pursuant to Fed.R.Civ.P. rule 36(b) (Doc. 148).

Plaintiff Murrell filed a complaint filed pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971), in forma pauperis, on January 10, 2004, and amended on September 24, 2004 (Doc. Item 22) and October 21, 2004 (Doc. Item 29).  The remaining defendants are Carl Casterline ("Casterline") (former warden of the United States Penitentiary in Pollock, Louisiana ("USP-Pollock")), Robert Tapia ("Tapia") (current warden of USP-Pollock), and correctional officers Cindy Pike ("Pike"), Steve Aycock ("Aycock"), Harris Hatchett ("Hatchett"), Les Phillips ("Phillips"), Frederick Jefferson ("Jefferson"), M. Cannon ("Cannon"), and Lane Gremillion ("Gremillion").  In his sole remaining claim, Murrell alleges the named defendants were deliberately indifferent to his serious

medical needs by deliberately exposing Murrell, a non-smoker, to environmental tobacco smoke ("ETS") and failing to enforce the prison smoking policies since 2001, despite Murrell's doctor's recommendation to avoid ETS. Murrell alleges that his exposure to ETS caused him to suffer migraine headaches, dizziness, eye irritation, sinus problems, breathing problems, hypertension, and coughing. For relief, Murrell asks for a jury trial and monetary damages. Murrell is presently incarcerated in USP-Hazelton in Bruceton Mills, West Virginia.

Defendants filed a motion for summary judgment (Doc. Item 117) which was denied on appeal (Doc. 138). The Fifth Circuit noted in it's *per curiam* opinion that defendants' response to Murrell's request for admissions was untimely and, therefore, those matters were deemed admitted pursuant to Fed.R.Civ.P. rule 36 (a)(3). However, the Fifth Circuit further stated in footnote 1 that the district court could, on motion, permit the deemed admissions to be withdrawn or amended if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits (quoting Fed.R.Civ.P. rule 36(b)). The Fifth Circuit added that, even if the deemed admissions were set aside, summary judgment would still be inappropriate in this case.

After the case was remanded to this court, defendants filed a motion to withdraw or amend their "deemed admissions" (Doc. 148).

2

Burnette filed a brief opposing the motion. Defendants' motion is now before the court for consideration.

## Law and Analysis

Fed.R.Civ.P. rule 36 provides for deemed admissions as a sanction for untimely responses to requests for admissions. <u>Allen v. Webster Parish</u>, 254 F.3d 1081 (5th Cir. 2001). Any matter admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Fed.R.Civ.P. rule 36(b). <u>Le v. Cheesecake Factory Restaurants Inc.</u>, 2007 WL 715260, *1 (5th Cir. 2007). Although the court has considerable discretion to permit withdrawal or amendment, a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b). <u>Le</u>, 2007 WL 715260 at *2, citing <u>American Auto Ass'n v. AAA Legal Clinic</u>, 930 F.2d 117, 119 (5th Cir, 1991).

Under Rule 36(b), the court may permit withdrawal or amendment when (1) the presentation of the merits of the action will be served thereby and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Fed.R.Civ.P. 36(b). <u>Le</u>, 2007 WL 715260 at *2. Even when Rule 36(b)'s two-factor test has been satisfied, the district court

3

still has discretion to deny a request to withdraw or amend an admission. Le, 2007 WL 715260 at *2, citing In re Carney, 258 F.3d 415, 419 (5th Cir. 2001). It is proper to consider whether denying withdrawal would have the practical effect of eliminating any presentation of the merits of the case in determining whether Rule 36(b)'s first requirement is met. Other relevant factors to be considered are whether the movant has demonstrated that the merits would be served by advancing evidence showing the admission is contrary to the record of the case, that the admission is no longer true because of changed circumstances, that through an honest error a party has made an improvident admissions, and whether the party seeking withdrawal is at fault or has been diligent in seeking withdrawal. Le, 2007 WL 715260 at *2, and cases cited therein.

Rule 36(b) requires the district court to consider only the presentation of the merits of the case and prejudice to the defendant when setting aside deemed admissions. It does not require an explanation for untimeliness. Allen, 254 F.3d at 1081. The purpose of Federal Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial. Asea, Inc. v. So. Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981). However, it does not serve the interests of justice to automatically determine all the issues in

4

a lawsuit and enter summary judgment against a party because a deadline is missed.  This is especially true if the opposing party is not prejudiced by allowing untimely responses.  Yet too liberal sufferance by the court of a litigant's sloth would undermine a valuable policy furthered by Rule 36(a) the elimination of uncontested issues and expedition of trial.  The court must strike a balance between the interests of justice and diligence in litigation.  Hadra v. Herman Blum Consulting Engineers, 74 F.R.D. 113, 114 (D.C.Tex. 1997) (the court held that defendant's failure to comply with Rule 36(a) made it fair to shift to it the burden of showing the court which of its denials were supported by substantial evidence).

In the case at bar, defendants mailed their responses to Murrell's request for admissions on May 2, 2006 (Doc. 125, Ex. 9), about 19 days late.  Therefore, the request was deemed admitted.  However, as Murrell points out, the request to withdraw the deemed admissions was not made until two years after that.

Although Murrell concedes he made a lot of requests for admissions (an average of thirty to each of the nine defendants), he contends, correctly, that defendants did not object or request an extension of time in which to answer.  Moreover, as Murrell further contends, there was no reason for defendants' admissions to

5

be late since defendants did nothing except write an unqualified "Denied" under every admission request, including those asking the defendants to admit their names and job titles with the BOP (see Doc. 125, Exs. 9, 10). A denial without explanation to every admission request indicates that the answers were not made in good faith.

However, defendants' curt denial of every request for admission does not assist the court in narrowing the issues for trial. The interests of justice will be better served in this case if the defendants are afforded an opportunity to answer Murrell's requests for admissions in good faith. As pointed out in the Fifth Circuit's opinion, *defendants are not entitled to a summary judgment due to genuine issues of material fact which exist regardless of whether their deemed admissions are withdrawn or not* (Doc. 138, Footnote 1). Therefore, Murrell will not be prejudiced by permitting defendants to amend their answers to his requests for admissions.

**Accordingly**, IT IS ORDERED that defendants' motion to amend their deemed admissions is GRANTED.

**IT IS FURTHER ORDERED** that defendants SHALL AMEND their answers to plaintiff's requests for admissions **on or before July 6, 2009.**

**IT IS FURTHER ORDERED** that defendants SHALL CERTIFY to the court in writing, **on or before July 6, 2009,** that they have amended their answers to Murrell's requests for admissions and sent their amended answers to him.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 22nd day of June, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE