RECEIVED IN ALEXANDRIA, LA.
JUL 29 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GETZELL JOHNSON MURRELL, SR. | CIVIL DOCKET NO. 1:03-cv-00257 |
| -vs- | JUDGE DRELL |
| CARL CASTERLINE, et al. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

We have before us the Report and Recommendation of the Magistrate Judge in this case. Timely objections from both plaintiff and defendants have now been received. We agree with the reasoning and conclusion of the Report and Recommendation, with the following additional comments. First, as correctly observed by defendants' objections, there is an error regarding the date of suit in this case. The Report and Recommendation states suit in this case to have been filed on January 10, 2004. In fact, suit was filed on February 7, 2003. Defendants argue this error is significant because, as they say, the last stages of Murrell's administrative remedies had not AT THE TIME OF FILING been exhausted. However, as correctly observed in the Report and Recommendation, the defense of lack of exhaustion WAS previously raised, ruled upon, and not appealed in defendants' first motion for summary judgment. Indeed, in their first motion to

dismiss (Doc. No. 40, p. 12) filed in 2004, defendants admitted in their brief that Murrell had exhausted administrative remedies regarding the issue of the prison's failure to provide him a smoke free environment. The exhaustion defense was therein raised as to other issues. It is our view that the previous determination and decision is, at least, law of the case, if not *res judicata*.

Correctly, defendants have raised in this second motion, the effect, if any, of the recent decision in *Woodford vs. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Defendants argue that it affects this situation. It does not. *Woodford* addresses exhaustion in the context of the timeliness of filing of administrative remedies, and not the issue of whether suit has been filed too early. Accordingly, it is distinguished from this case.

Finally, as the Supreme Court observed in *Woodford*, exhaustion is not a jurisdictional issue and may not be raised *ad infinitum*. *Woodford* at 2392. ("However, the exhaustion requirement imposed by amended § 1997e is not jurisdictional, and thus may be subject to certain defenses such as estoppel, equitable tolling, and waiver.")

Accordingly, for the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent (*de novo*) review of the record including objections filed by both sides herein, and having determined that the findings and recommendation are correct under the applicable law;

**IT IS ORDERED** that defendants' second motion for summary judgment is DENIED.

**THUS ORDERED AND SIGNED** in Chambers at Alexandria, LA on this 28th day of July, 2009.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE