RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/12/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GETZELL J. MURRELL, SR., <br> Plaintiff | CIVIL ACTION <br> SECTION "P" <br> NO. CV03-0257-A |
| VERSUS | |
| CARL CASTERLINE, et al., <br> Defendants | JUDGE DEE D. DRELL <br> MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed by pro se plaintiff Getzell J. Murrell, Sr. ("Murrell") pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971),[1] in forma pauperis, on January 10, 2004, and amended on September 24, 2004 (Doc. 22) and October 21, 2004 (Doc. 29). The remaining defendants are Carl Casterline ("Casterline") (former warden of the United States Penitentiary in Pollock, Louisiana ("USP-Pollock")), Robert Tapia ("Tapia") (former

---

[1] <u>Bivens</u> defendants are federal officials brought into federal court for violating the Federal Constitution. <u>Bivens</u>-type actions may be brought only against federal agents and not federal agencies. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); <u>Whitley v. Hunt</u>, 158 F.3d 882 885 (5th Cir. 1998). Under <u>Bivens</u>, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. <u>Channer v. Hall</u>, 112 F.3d 214, 216 (5th Cir. 1997).

warden of USP-Pollock), and correctional officers Cindy Pike ("Pike"), Steve Aycock ("Aycock"), Harris Hatchett ("Hatchett"), Les Phillips ("Phillips"), Frederick Jefferson ("Jefferson"), M. Cannon ("Cannon"), and Lane Gremillion ("Gremillion"). In his only remaining claim, Murrell alleges the named defendants were deliberately indifferent to his serious medical needs by deliberately exposing Murrell, a non-smoker, to environmental tobacco smoke ("ETS") through failing to enforce the prison smoking policies since 2001 and refusing to house Murrell with a non-smoking cell mate, despite Murrell's doctor's repeated recommendations that he avoid ETS. Murrell alleges that his exposure to ETS caused him to suffer migraine headaches, dizziness, eye irritation, sinus problems, breathing problems, hypertension, and coughing. For relief, Murrell asks for a jury trial and monetary damages. Murrell is presently incarcerated in the Federal Correctional Institution in El Reno, Oklahoma.

Defendants filed a motion to dismiss (Doc. 40) for lack of exhaustion, lack of service of process, and failure to state a claim on which relief may be granted. That motion was granted in part and denied in part (Doc. 89, 96). Defendants then filed a motion for summary judgment (Doc. 117) which was denied by the Fifth Circuit Court of Appeals (Doc. 138). On remand, defendants filed a second motion for summary judgment (Doc. 146), alleging that Murrell failed to exhaust his administrative remedies. That motion was denied in

July 2009 (Doc. 197).

This case was previously set for trial in June 2011, but the case was transferred to the Eastern District of Texas in December 2010. In June 2011, for the reasons stated in a memorandum opinion (Doc. 295), the case was transferred back to the Western District of Louisiana. In January 2012, Murrell filed a motion for summary judgment.

Murrell's motion for summary judgment was filed long after the time limit for filing dispositive motions. Moreover, as defendants contend, Murrell's motion raises issues of material fact as to deliberate indifference which should be determined after a trial on the merits. Therefore, Murrell's motion should be denied as untimely and this case should proceed to trial in an expedited manner.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Murrell's motion for summary judgment (Doc. 299) be DENIED AND DISMISSED WITH PREJUDICE as untimely.

IT IS FURTHER RECOMMENDED that this case be set for trial in an expedited manner.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

3

party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of March 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE